## SUPREME COURT.

### Dolph agt. White.

It seems that where a demurrer to the entire complaint is sustained, and judgment directed in favor of the defendant, without leave to the plaintiff to amend, the decision cannot be appealed from as an order; the only mode of review is, by an appeal from the judgment when perfected.

But if otherwise, the defendant is not bound to enter an order on the decision, give notice of it, and wait thirty days, to allow the plaintiff to appeal, but may perfect his judgment immediately.

Notice of an appeal from the decision, as an order, within thirty days after entry, but after judgment, will not render the judgment irregular.

*Ontario Special Term, November,* 1852. The defendant demurred to the complaint in this action, and the issue of law thereby joined was tried by the court, at a special term in

Monroe county, in May, 1852. Subsequently the issue was decided against the plaintiff, and early in August the plaintiff's attorney showed the defendant's attorney a copy of the opinion of the court, and served him with notice of an adjustment of costs by the clerk of Wayne county, for the 7th of that month. On that day the attorneys appeared before the clerk, when the plaintiff's attorney objected to the adjustment, on the ground that he had not been served with a copy of an order sustaining the demurrer, and that the clerk had no authority to adjust costs under an order; and stated to the plaintiff's attorney that he desired to have an order entered, and that he intended to appeal therefrom. The plaintiff's attorney, on the 18th of October, served upon the defendant's attorney a notice, that the costs would be adjusted by the clerk on the 21st day of October, and on the following day served him with a copy of an order or decision that the demurrer be sustained, and that judgment be entered in favor of the defendant against the plaintiff, for costs, and with a notice of a judgment for $26,28 costs, entered on the 21st, in pursuance of said order or decision. On the 27th of October, the plaintiff's attorney served the defendant's attorney, and the clerk of Wayne county, with a notice, stating that the plaintiff appealed to the general term from the " order " entered.

A motion is now made upon notice, for a rule or order setting aside the judgment, or staying the same for the purpose of the appeal, with costs, or for such other rule or order as the court may deem proper.

S. K. WILLIAMS, *for Plaintiff*.

G. H. MIDDLETON, *for Defendant*.

T. R. STRONG, Justice.—I am inclined to think that where a demurrer to the entire complaint is sustained, and judgment directed in favor of the defendant, without leave to the plaintiff to amend, as in this case, the decision, although made or placed in the form of an order, cannot be appealed from as an order, and that the only mode of reviewing it is by an appeal from the judgment, when perfected. The decision, whatever

Dolph agt. White.

its form, is not properly an order, (*Code, section* 400,) but a judgment—the final determination of the rights of the parties in the action.   (*Code, section* 245.)   If so, the case is not embraced within section 349 of the Code, giving appeals from orders.

But if the view presented be erroneous, I am of opinion that the plaintiff is not entitled to any relief on this motion.   The judgment was regular.   No obligation rested upon the defendant to enter an order on the decision, give notice of it, and wait thirty days to allow the plaintiff to appeal, if he should think proper to do so.   And the notice of appeal, which has been given, does not render the judgment irregular.   If an appeal could be taken from the decision as from an order, as an absolute right, within thirty days after notice of the order, of which the plaintiff could not be deprived by entering a judgment, I see no reason why the judgment may not stand and the appeal be prosecuted—the appeal operating as a stay of proceedings.   If, however, the aid of the court is necessary, to give effect to the appeal, as from an order, then the application is to the discretion of the court, and it should not be granted, when, in effect, it is merely sought to avoid giving security, and an exposure to costs beyond those of a motion.   So far as a review of the decision is concerned, it may be had by an appeal from the judgment.

The motion is denied with seven dollars costs.